UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN FITZGERALD WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> PATRICIA JACKSON, *et al.*, <br><br> Defendants. | Case No. C21-5295-BHS-MLP <br><br> REPORT AND RECOMMENDATION |

### I.   INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Service has not been ordered.[1] This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint and this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

---

[1] Plaintiff paid the filing fee for this action. Nevertheless, the Court is still required to screen his complaint given that he is a prisoner, 28 U.S.C. § 1915A(a), and to dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1).

REPORT AND RECOMMENDATION
PAGE - 1

## II. DISCUSSION

On April 23, 2021, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. # 1.) Plaintiff alleged therein that Pierce County Jail mailroom staff had improperly opened a piece of his legal mail and then attempted to cover-up their wrongdoing by tampering with the envelope the mail arrived in. (Dkt. # 4, Complaint (Compl.) at 4-6.) The mailing at issue was one directed to Plaintiff by the Clerk of the United States District Court. (*See id*. at 4-5.) Exhibits submitted by Plaintiff in support of his complaint show that the mail was not deemed legal mail by the mailroom staff because it was not stamped or labeled "legal mail." (Dkt. # 4-1, Exhibits (Exs.) at 1-2.) The mailroom staff therefore opened and processed the mail like all other mail entering the facility through the mailroom. (*Id*.) Plaintiff appeared to claim that jail staff created a new address label with his name and booking number, and the jail's address, and used that label to cover up the legal mail stamp on the envelope sent by the Clerk. (Compl. at 4-5; Exs. at 1-2.) Plaintiff identified as Defendants in his complaint Pierce County Jail Chief Patricia Jackson, Mail Room Sergeant G. Carolus, and Grievance Staff L. Medved. (Compl. at 1, 3.) He requested damages. (*Id*. at 7.)

On May 21, 2021, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed for failure to state a claim upon which relief could be granted. (Dkt. # 5.) The Court explained therein that in order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. (*Id*. at 3 (citing *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991)).) The Court further explained that though a prison inmate has a protected First

Amendment interest in having properly marked legal mail opened only in their presence, mail from the United States courts is not considered legal mail and the First Amendment therefore does not prohibit opening such mail outside the recipient's presence. (*Id.* at 3 (citing *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211(9th Cir. 2017)).) The Court concluded that because the mail at issue was sent from the Court, the fact that the mail was opened outside Plaintiff's presence did not implicate First Amendment concerns and Plaintiff had therefore not stated any plausible claim for relief under § 1983.

Plaintiff was granted thirty days within which to file a response to the Order to Show Cause, and he was advised that his failure to timely respond would result in a recommendation that this action be dismissed. (*Id.*) To date, Plaintiff has filed no response to the Court's Order and this action should therefore be dismissed.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed with prejudice, under 28 U.S.C. § 1915A(b)(1), for failure to state a cognizable claim for relief. A proposed order accompanies this Report and Recommendation.

//
//
//
//
//
//
//

## IV. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 13, 2021**.

DATED this 21st day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4